ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
Pursuant to Supreme Court Rule XIX, § 21,[1] the Office of Disciplinary Counsel (“ODC”) has filed a motion for reciprocal discipline against respondent, Franklin M. Adkins, an attorney licensed to practice law in the State of Louisiana and the State of California. Attached to the motion was *519 a certified copy of an order of discipline dated October 9, 1998, rendered by the Supreme Court of the State of California. Pursuant to that order, respondent was disbarred from the practice of law in the State of California.[2]
By order of this court dated July 29, 1999, respondent was given thirty days pursuant to Supreme Court Rule XIX, § 21(D)[3] to respond to the ODC’s motion for reciprocal discipline. Respondent failed to file any response in this court. Based on our review of the record, we conclude there is no reason why this court should impose a different discipline on respondent than that imposed by the Supreme Court of the State of California.
Accordingly, it is ordered that the name of Franklin M. Adkins be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked.

 Calogero, C.J., not on panel. Rule IV, Part II, § 3.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. Respondent was admitted to practice in California in 1990. In 1997, respondent was charged with 32 counts of misconduct involving five client matters. Among other charges, it was alleged that respondent willfully abandoned his clients, misappropriated client funds, failed to maintain client funds in trust, failed to communicate with his clients, failed to perform legal services competently, failed to return unearned fees or return client files, failed to obey court orders, committed acts of moral turpitude, and failed to cooperate with the State Bar investigation. Respondent did not answer the charges nor participate in the proceedings, and as a result, his default was entered. The State Bar submitted its case without a hearing and sought the imposition of disbarment.

. Supreme Court Rule XIX, § 21(D) provides: Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.